UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICA FIRST LEGAL FOUNDATION,
611 Pennsylvania Avenue SE #231
Washington, DC 20003

*Plaintiff,*

v.

UNITED STATES FEDERAL TRADE COMMISSION,
600 Pennsylvania Avenue NW
Washington, DC 20850

*Defendant*

Civil Action No.: 23-2765

**COMPLAINT**
(For Violation of the Freedom of Information Act)

**Parties**

1. The Plaintiff, America First Legal Foundation (AFL), is a nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, ensure due process and equal protection for all Americans, and encourage public knowledge and understanding of the law and individual rights guaranteed under the United States Constitution and the laws of the United States. AFL filed the Freedom of Information Act request at issue in this case.

2. The Defendant, the Federal Trade Commission, is an agency under 5 U.S.C. § 522(f), headquartered at 600 Pennsylvania Avenue, NW, Washington, DC

1

20580. It has possession, custody, and control of the requested records and has not produced a single page to date.

## Jurisdiction and Venue

3. The Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201.

4. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## Facts

5. On March 7, 2023, the United States House of Representatives Committee on the Judiciary and Select Subcommittee on the Weaponization of the Federal Government released an interim staff report on the Federal Trade Commission's harassment of Twitter after Elon Musk acquired the company. *See* COMMITTEE ON THE JUDICIARY AND THE SELECT SUBCOMMITTEE ON THE WEAPONIZATION OF THE FEDERAL GOVERNMENT U.S. HOUSE OF REPRESENTATIVES, THE WEAPONIZATION OF THE FEDERAL TRADE COMMISSION: AN AGENCY'S OVERREACH TO HARASS ELON MUSK'S TWITTER (March 7, 2023) (the "Report"), available at https://bit.ly/3yvb8vD.

6. The Report's findings and conclusions include:

- Elon Musk completed his acquisition of Twitter on October 27, 2022. Two weeks later, the Federal Trade Commission launched the first of over a dozen demand letters to the company. "These demand letters often followed shortly after Musk took a step that was controversial" to leftist activists. Report at 4.
- On December 2, 2022, journalist Matt Taibbi published the first edition of the Twitter Files, a series of reports documenting how Twitter was previously used by government actors to censor speech online. On December 10, Musk tweeted that "Twitter is both a social media company and a crime scene." Three days later, on December 13, the

2

    Federal Trade Commission demanded details of Twitter's interactions with journalists, including "Bari Weiss, Matt Taibbi, Michael Shellenberger, Abigail Shrier," and the identities of all other journalists to whom Twitter had potentially provided access of its internal records. Report at 7

- The Federal Trade Commission demanded Twitter's explanation for firing Jim Baker, a former FBI General Counsel who helped to censor the Hunter Biden laptop story. Report at 11.

- On October 27, 2022, Musk completed his purchase of Twitter and began to reshape Twitter's focus and its workforce. A few days later, Twitter announced the roll-out of its new subscription service, Twitter Blue. On November 10, the Federal Trade Commission sent two demand letters asking for voluminous information about Twitter's personnel actions—terminations and resignations—and about the Twitter Blue service. On November 10, the Federal Trade Commission sent two demand letters asking for voluminous information about Twitter's personnel actions—terminations and resignations—and about the Twitter Blue service. Report at 9.

- The Federal Trade Commission has "inappropriately stretched its regulatory power to harass Twitter," misusing a revised consent decree "to justify its campaign of harassment" for partisan political purposes. Report at 11–12, 14.

7.    On April 14, 2023, AFL submitted a Freedom of Information Act request to the Federal Trade Commission regarding these matters and requested a fee waiver. Exhibit A at 8–12.

8.    On April 17, 2023, AFL received an acknowledgment from the Federal Trade Commission assigning the request case number 2023-00927. Exhibit A at 14.

9.    On June 7, 2023, AFL received a denial letter stating:

> In response to item 1 of your request, records are exempt from disclosure under FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), because disclosure of that material could reasonably be expected to interfere with the conduct of the Commission's law enforcement activities. *See Robbins Tire & Rubber Co. v. NLRB*, 437 U.S. 214 (1978). In response to items 2 through 7 of your request, our search of the FTC's records did not identify any record that would respond to your request.

Exhibit A at 16–18.

10. On August 10, 2023, AFL timely filed an appeal under 5 U.S.C. § 552(a)(6)(A)(ii) and 16 C.F.R. § 4.11(a)(3). <u>Exhibit A</u>.

11. On September 12, 2023, the Federal Trade Commission denied AFL's appeal. <u>Exhibit B</u>.

12. AFL has exhausted its administrative remedies.

## **Claims for Relief**

<u>Count I: Categorical Denial of Item 1</u>

13. AFL repeats paragraphs 1–12.

14. The Defendant's categorical denial of Item 1 is unlawful. Specifically:

   A. Item 1 seeks policy statements and interpretations of general applicability, not "witness statements." These records are not exempt from disclosure under 5 U.S.C. § 552(b)(7)(A).

   B. The Court in *Robbins Tire & Rubber Co. v. NLRB* found that "witness statements in pending unfair labor practice proceedings are exempt from FOIA disclosure at least until completion of the Board's hearing." 437 U.S. 214, 236 (1978). AFL's FOIA Request No. 1 is for policy statements, and further, there is no pending "Board hearing" at all relevant time periods. *Id.*

   C. The Defendant's regulations provide initial determinations to deny "active investigatory files" must be made by the "Director or the Deputy Director of the Bureau or the Director of the Regional Office responsible for the investigation" rather than the "deciding official (as designated by the General Counsel)." 16 C.F.R. § 4.11(a)(1)(iii)(B).

   D. The Defendant's regulations provide that it "will only withhold information if the agency reasonably foresees that disclosure would harm an interest protected by a FOIA exemption or disclosure is prohibited by law." 16 C.F.R. § 4.11(a)(1)(iii)(A). The Defendant's regulations further provide that it must "take reasonable steps to segregate and release nonexempt information." *Id.* It has failed both to undertake the requisite analysis and to segregate and release nonexempt information.

4

    E.    The Defendant has a non-discretionary duty to publish its standards justifying re-opening the Twitter investigation. It has not done so.

    F.    The Defendant is not a "law enforcement agency" because Federal Trade Commission commissioners are not subject to the President's removal power. *See Seila L. LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2198–99 (2020). Also, the term "law enforcement agency" in § 552(b)(7)(A) must be construed according to its ordinary public meaning at the time of enactment. *New Prime Inc. v. Oliveira*, 139 S. Ct. 532, 539, 202 L. Ed. 2d 536 (2019). The ordinary understanding of "law enforcement" includes the investigation and prosecution of offenses and proactive steps to prevent criminal activity and maintain security. *Milner v. Dep't of Navy*, 562 U.S. 562, 582 (2011) (Alito, J., concurring). The Federal Trade Commission does not have such authority.

    G.    Even if the Federal Trade Commission is a law enforcement agency under FOIA, and Item 1 includes records such as witness statements, the Federal Trade Commission's denial is still erroneous. A "law enforcement purpose" does not include investigatory activities wholly unrelated to law enforcement agencies' legislated functions of preventing risks to national security and violations of criminal laws and of apprehending those who do violate the rules. *Pratt v. Webster*, 673 F.2d 408, 420-21 (D.C. Cir. 1982).

    H.    To pass the FOIA Exemption 7 threshold, the Federal Trade Commission must establish that its investigatory activities are realistically based on a legitimate concern that federal laws have been or may be violated or that national security may be breached. *Id.* Either of these concerns must have some plausible basis and a rational connection to the object of the agency's investigation. *Id.; (see also Jefferson v. Dep't of Just., Off. of Pro. Resp.*, 284 F.3d 172, 178 (D.C. Cir. 2002)). It has failed to do this.

    I.    The Federal Trade Commission's regulations require that it must "take reasonable steps to segregate and release nonexempt information." 16 C.F.R. § 4.11(a)(1)(iii)(A) (emphasis added).

15.    AFL should be granted declaratory and injunctive relief under 5 U.S.C. § 552(a)(4)(B).

Count II:  Items 2 through 7

16. AFL repeats paragraphs 1–15.

17. For Items 2 through 7, the Defendant has failed to make an adequate search, explain its search process in a relatively detailed and non-conclusory way, and/or produce responsive records.

18. This is unlawful. *See* U.S. DEP'T OF JUST., *Guide to the Freedom of Information Act Procedural Requirements* at 42 (Aug. 20, 2021), https://bit.ly/3ytafVq; *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978).

19. AFL should be granted declaratory and injunctive relief under 5 U.S.C. § 552(a)(4)(B).

## Relief Requested

WHEREFORE, AFL respectfully requests this Court:

A. Declare that the records sought by the request, as described in the foregoing paragraphs, must be disclosed pursuant to 5 U.S.C. § 552.

B. Order the Defendant, the Federal Trade Commission, to conduct genuine searches immediately for all records responsive to AFL's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of responsive records.

C. Order the Defendant to produce, by a date certain, all non-exempt records responsive to AFL's FOIA request.

D. Award AFL attorneys' fees and costs pursuant to 5 U.S.C. §552(a)(4)(E).

E.    Grant AFL such other and further relief as this Court deems proper.

Dated: September 21, 2023

Respectfully submitted,

/s/ *Michael Ding*
Juli Z. Haller (DC Bar No. 466921)
Michael Ding (DC Bar No. 1027252)
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave SE #231
Washington, DC 20003
(202) 964-3721
juli.haller@aflegal.org
michael.ding@aflegal.org

*Counsel for America First Legal Foundation*