### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES FEDERAL TRADE COMMISSION,<br><br>*Defendant.* | No. 23-cv-02765 (DLF) |

### <u>MEMORANDUM OPINION & ORDER</u>

America First Legal Foundation (the "Foundation") brings this suit against the United States Federal Trade Commission ("FTC") to compel the disclosure of documents under the Administrative Procedure Act, 5 U.S.C. § 706 *et seq.,* Mandamus Act, 28 U.S.C. § 1361, and Freedom of Information Act, 5 U.S.C. § 552 *et seq.* Before the Court is the defendant's Partial Motion to Dismiss, Dkt. 10, the plaintiff's complaint. For the reasons that follow, the Court will grant FTC's motion.

## I.    BACKGROUND

America First Legal Foundation is a public interest organization that works to "prevent executive overreach" and "encourage public knowledge and understanding of the law." Compl. ¶ 1, Dkt. 7. On April 14, 2023, the Foundation submitted a FOIA request seeking information related to FTC's regulation of Twitter. Compl. Ex. A at 9, Dkt. 7-1. Item 1 of the request sought all records "concerning the reopening" of FTC Docket C-4316—an investigation into Twitter's alleged misuse of phone numbers and emails gathered from its users—as well as "related general statements of policy or interpretations of general applicability interpreting the docket." *Id.*; *see In*

*the Matter of Twitter, Inc.*, C-4316, 151 FTC LEXIS 162 (F.T.C. March 2, 2011).  Items 2 through 7 of the request sought records related to a U.S. House of Representatives Judiciary Committee staff report entitled "The Weaponization of The Federal Trade Commission."  *Id.* at 9–11; *see* COMMITTEE ON THE JUDICIARY AND THE SELECT SUBCOMMITTEE ON THE WEAPONIZATION OF THE FEDERAL GOVERNMENT U.S. HOUSE OF REPRESENTATIVES, *The Weaponization of The Federal Trade Commission: An Agency's Overreach To Harass Elon Musk's Twitter* (March 7, 2023).  That report detailed FTC's purportedly "inappropriate[]" use of its regulatory power to "harass" Twitter after Elon Musk's acquisition of the company, including that FTC sent Twitter over a dozen demand letters after Musk made "controversial" business decisions.  Compl. ¶ 6. One such letter, for example, sought details of Twitter's interactions with a journalist who had published a report about government actors using Twitter to censor speech.  *Id.*

FTC did not produce any records in response to the Foundation's request.  In response to Item 1 of the request, FTC invoked FOIA Exemption 7(A), which allows an agency to withhold records "compiled for law enforcement purposes" if production "could reasonably be expected to interfere with enforcement proceedings."  5 U.S.C. § 552(b)(7); *see* Compl. Ex. A at 17.  In response to the remainder of the request, FTC asserted that its search did not reveal any responsive records.  Compl. Ex. A at 17.

The Foundation filed a timely administrative appeal.  *Id.* at 1–6; Compl. Ex. B at 2, Dkt 1-2.  It argued that FTC had a non-discretionary duty to publish the materials requested; that because FTC was not a law enforcement agency and because Item 1 sought only policy statements, FOIA Exemption 7(A) did not reply; and that FTC failed to conduct an adequate search.  Compl. Ex. A at 2–6.  On review, FTC upheld the entirety of the original agency action.  Compl. Ex. B at 1–8. FTC again asserted that it was a law enforcement agency not required to disclose the specifics of

an investigation under FOIA Exemption 7(A).  *Id.* at 3–4.  FTC also explained that its FOIA Unit had "used all appropriate methods" to search for responsive records, rendering the agency's search "adequate."  *Id.* at 8.

On September 21, 2023, the Foundation filed the instant lawsuit.  Dkt. 1.  The operative complaint asserts three counts.  *See* Compl. ¶¶ 18–19, 23–24, 36–37.  Count One petitions for a writ under the Mandamus Act to compel the publication of documents responsive to Item 1 of the FOIA request.  *See* 28 U.S.C. § 1361.  Count Two asserts that FTC violated the APA, because it "unlawfully withheld" the records responsive to Item 1, *see* 5 U.S.C. § 706(1), and because that withholding was "arbitrary [and] capricious," *see id.* § 706(2)(A).  Count Three asserts that FTC violated the FOIA statute, by misapplying Exemption 7(A), failing to conduct an adequate search, inadequately explaining the search process, and failing to produce any responsive records.  *See id.* § 552.  FTC now moves to dismiss the APA and mandamus counts, for failure to state a claim and lack of subject-matter jurisdiction respectively. *See* Fed. R. Civ. P. 12(b)(6), (1).

## II.    LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When deciding a Rule 12(b)(6) motion, well-pleaded factual allegations are "entitled to [an] assumption of truth," *id.* at 679, and the court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged,"

*Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). But the Court need not accept "a legal conclusion couched as a factual allegation" nor an inference unsupported by the facts alleged in the pleadings. *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Rule 12(b)(1) allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal law empowers federal district courts to hear only certain kinds of cases, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine [the] jurisdictional questions." *Am. Nat. Ins.*, 642 F.3d at 1139 (citations and internal quotation marks omitted). But the court "may undertake an independent investigation" that examines "facts developed in the record beyond the complaint" in order to "assure itself of its own subject matter jurisdiction." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005) (internal quotation marks omitted). A court that lacks jurisdiction must dismiss the action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

## III.   ANALYSIS

The Foundation brings APA and mandamus claims, in addition to a FOIA claim, to compel FTC to disclose documents responsive to Item 1 of its FOIA request. The Court will dismiss the Foundation's APA claim because FOIA provides an adequate remedy in the form of *de novo*

judicial review of FTC's withholding.  The Court will also dismiss its mandamus claim for lack of subject-matter jurisdiction.  The Foundation must seek relief under FOIA itself.

### A.   APA CLAIM

The APA provides for judicial review of a "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704.  Section 704 of the APA serves as a "general grant of review," but does not "duplicate existing procedures for review of agency action." *Citizens for Resp. and Ethics in Wash. v. DOJ* (*CREW*), 846 F.3d 1235, 1244 (D.C. Cir. 2017) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988)).  If an existing remedy provides adequate relief, that relief has a "preclusive effect" on claims under the APA.  *CREW*, 846 F.3d at 1245.  An alternative remedy is adequate if it provides an "independent cause of action" or an "alternative review procedure."  *El Rio Santa Cruz Neighborhood Health Ctr., Inc., v. HHS*, 396 F.3d 1265, 1270 (D.C. Cir. 2005) (citations omitted).  The "relevant question" is not whether the alternative is as "effective" as the relief provided under the APA, but whether it is "adequate" under the APA. *Garcia v. Vilsack*, 563 F.3d 519, 525 (D.C. Cir. 2009).  An adequate alternative does not need to provide relief "identical" to that available to a party under the APA—it must merely be of the "'same genre.'"  *Garcia*, 563 F.3d at 522 (quoting *El Rio*, 396 F.3d at 1272).  An explicit statutory provision for *de novo* judicial review is "further evidence" that a procedure is an adequate alternative, *CREW*, 846 F.3d at 1245, because a party generally should not be entitled to "utilize simultaneously both [the review provision] and the APA," *El Rio*, 396 F.3d at 1270 (quoting *Env't Def. Fund v. Reilly*, 909 F.2d 1497, 1501 (D.C. Cir. 1990)).

FOIA provides an adequate alternative to the relief available under the APA.  The statute requires federal agencies to publish in the Federal Register all "substantive rules of general applicability" and "statements of general policy or interpretations of general applicability

formulated and adopted by the agency." 5 U.S.C. § 552(a)(1)(D).  FOIA also requires agencies to make individual records available to any person who requests them, so long as the requester (1) "reasonably describes" the records sought, and (2) complies with the procedures promulgated by the agency for such requests.  *Id.* § 552(a)(3)(A).  And FOIA creates an explicit path to judicial review of individuals' requests: it grants district courts "de novo" authority to "enjoin [an] agency from withholding agency records," or to "order the production" of any records "improperly withheld."  *Id.* § 552(a)(4)(B).  That judicial review provision is precisely the type of "special and adequate review procedure" that Congress intended to "immunize[]" from review under the APA.  *CREW*, 846 F.3d at 1245–46 (cleaned up).  Accordingly, courts in this district have "uniformly declined jurisdiction over APA claims that sought remedies made available by FOIA."  *Feinman v. FBI*, 713 F. Supp. 2d 70, 76 (D.D.C. 2010); *see e.g.*, *Chaverra v. ICE*, No. 18-289 (JEB), 2018 WL 4762259, at *5 (D.D.C. October 2, 2018) (finding FOIA precluded an APA claim that agency had an obligation under law to turn over medical records); *Kenney v. DOJ,* 603 F. Supp. 2d 184, 190 (D.D.C. 2009) (finding FOIA precluded an APA claim that agency improperly withheld responsive records); *People for the Am. Way Found. v. Nat'l Park Serv.*, 503 F. Supp. 2d 284, 308–09 (D.D.C. 2007) (finding FOIA precluded APA claim that agency improperly withheld and unreasonably delayed document disclosure).

The relief that the Foundation seeks through its APA claim is disclosure of documents responsive to Item 1 of its request, which FTC withheld pursuant to FOIA Exemption 7(a).  The Foundation can seek that relief under the FOIA statute itself—indeed, it states a nearly identical claim for the same documents under the FOIA count of its operative complaint.  In its FOIA claim, the Foundation includes the same allegations in support of its claim that the agency "wrongfully" invoked Exemption 7(a).  Compl. ¶ 36.  For example, it challenges whether FTC is a "law

enforcement agency" entitled to invoke the exception and whether the disputed documents are "witness" statements that fall under the exception or are instead statements of policy or general applicability.  Compl. Ex. A at 3.  FOIA provides for *de novo* judicial review of these issues and allows the Foundation to litigate exactly these same questions.  *See* 5 U.S.C. § 552(a)(4)(B); *see also, e.g., Assassination Archives and Rsch. Ctr. v. CIA*, 334 F.3d 55, 57 (D.C. Cir. 2003) (explaining that agency bears the burden of "establishing the applicability of the claimed exemption").  FOIA is not only an adequate remedy under the APA—it is the same remedy.  Accordingly, the Foundation cannot state a separate claim under the APA to compel disclosure.

The Foundation raises several arguments as why the remedy under FOIA is an adequate substitute.  First, it asserts that it will suffer irreparable harm because FOIA does not provide for prospective injunctive relief, unlike the APA.  Opp'n at 16–17, Dkt. 12.  But that is incorrect as a matter of law: prospective injunctive relief *is* available under FOIA.  *See CREW*, 846 F.3d at 1242 ("[A] district court possesses authority to grant . . . a prospective injunction with an affirmative duty to disclose.").

Next, the Foundation points out that it seeks not only records production, but also the publication of records in the Federal Register, and FOIA does not authorize such relief.  Opp'n at 16.  Although it is true that FOIA "does not authorize district courts to order publication of . . . documents" subject to disclosure in the Federal Register, *Kennecott Utah Copper Corp. v. U.S. Dep't of Interior*, 88 F.3d 1191, 1201 (D.C. Cir. 1996), the Circuit has also held that this mismatch in remedies does not make FOIA an inadequate substitute for the APA, *see CREW*, 846 F.3d at 1246.  In *CREW*, the D.C. Circuit explained the disclosure of documents to *individual* complainants was an adequate substitute for general publication in the Federal Register.  *See CREW*, 846 F.3d at 1246 ("FOIA offers an 'adequate remedy' within the meaning of section 704

such that [an] APA claim is barred.").  That is, the FOIA remedy of individual disclosure falls within the "same genre" of relief of providing access to information of public interest.  *Garcia*, 563 F.3d at 522; *see also Kennecott*, 88 F.3d at 1203 ("Providing documents to the individual fully relieves whatever informational injury may have been suffered by that particular complainant; ordering publication goes well beyond that need.").

Finally, the Foundation contends that the duty of agencies to publish various records under 5 U.S.C. § 552(a) remains subject to enforcement through the APA.  Opp'n at 17–18.  The Foundation's argument is as follows: § 552(a) was originally enacted as part of the APA, and when Congress re-codified the provision into FOIA, Congress did not expressly state that it intended to strip courts of the authority to review agency action pursuant to § 552(a) under the APA.  *Id.*  But that argument is flatly precluded by Circuit law.  Where "Congress has provided 'an independent cause of action or an alternative review procedure' in a purported alternative, [the Circuit has] found clear markers of legislative intent to preclude" APA review.  *CREW*, 846 F.3d at 1245 (quoting *El Rio*, 396 F.3d at 1270).  The Foundation has not identified, nor is the Court aware of, any authority suggesting that the judicial review provisions of FOIA do not apply to the public disclosure provisions of FOIA.

For these reasons, the FOIA statutory scheme provides adequate procedures for remedying FTC's purported improper withholding of information.  Accordingly, the Court will dismiss the APA claim without prejudice under Rule 12(b)(6) for failure to state a claim.

### B.    MANDAMUS CLAIM

A district court has original jurisdiction to "compel" an agency to "perform a duty owed" to the party bringing an action for mandamus.  28 U.S.C. § 1361.  Mandamus is a "drastic" remedy that courts should issue only in "extraordinary circumstances."  *Power v. Barnhart*, 292 F.3d 781,

784 (D.C. Cir. 2002) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)).  To

show entitlement to the writ, a party must demonstrate "(1) a clear and indisputable right to relief,

(2) that the government agency or official is violating a clear duty to act, and (3) that no adequate

alternative remedy exists."  *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016).

Unless all three elements are met, a court must dismiss for lack of jurisdiction.  *Id.*  As with any

jurisdictional issue, the burden is on the complainant to show that "its right to issuance of the writ

is clear and indisputable."  *N. States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C.

Cir. 1997) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988)).

Thus, the bar is even higher for proving entitlement to mandamus than to a claim under the APA.

Because FOIA provides an "adequate alternative remedy," the Foundation's petition for

mandamus also fails.  Courts in this circuit have "in a near unanimous chorus" rejected attempts

by requesters to use a mandamus action to compel the disclosure of records under FOIA.

*Chaverra*, 2018 WL 4762259, at *6 (D.D.C. 2018) (collecting cases); *e.g., Greenpeace, Inc. v.

DHS*, 311 F. Supp. 3d 110, 126 (D.D.C. 2018) (holding that FOIA offers an adequate remedy when

the "government has unlawfully withheld information"); *Sanchez-Alanis v. Fed. Bureau of

Prisons*, 270 F. Supp. 3d 215, 217 n.1 (D.D.C. 2017) (explaining that FOIA is an adequate remedy

precluding a mandamus claim); *ExxonMobil Corp. v. Dep't of Com.*, 828 F. Supp. 2d 97, 109

(D.D.C. 2011) (same); *Nat'l Security Couns. v. CIA*, 898 F. Supp. 2d 233, 267 (D.D.C. 2012)

("[T]o the extent a remedy would be available to the plaintiff under the Mandamus Act, an identical

and adequate injunctive remedy would be available to the plaintiff under the FOIA.").  The

Foundation argues that FTC has not demonstrated that the court lacks subject-matter jurisdiction,

Opp'n at 18, but this argument flips the burden on its head.  It is the Foundation's burden to show

that it has a right to the writ—FTC is not required to demonstrate a lack of subject-matter

jurisdiction. *See N. States Power*, 128 F.3d at 758.  And a naked assertion that the Foundation "plainly" has standing is unavailing.  Because the Foundation cannot prove that no adequate alternative remedy exists, the Court will dismiss the mandamus claim for lack of jurisdiction.

**CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that the defendants' Partial Motion to Dismiss, Dkt. 10, is **GRANTED**.  Count Two of the plaintiff's First Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to Rule 12(b)(6); and Count One of the plaintiff's First Amended Complaint is **DIMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).

**SO ORDERED.**

DABNEY L. FRIEDRICH
United States District Judge

August 25, 2024